IN the INTEREST OF KATHERINE N., a person Under the Age of 18:

WAUSHARA COUNTY, Petitioner-Respondent,

v.

LISA K., Respondent-Appellant. [Case No. 00–0590]

IN the INTEREST OF SARAH N., a person Under the Age of 18:

WAUSHARA COUNTY, Petitioner-Respondent,

v.

LISA K., Respondent-Appellant. [Case No. 00–0591]

Court of Appeals

*Nos. 00–0590, 00–0591. Submitted on briefs May 19, 2000.—Decided June 8, 2000.*

2000 WI App 145

(Also reported in 615 N.W.2d 204.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Colleen Bradley*, assistant state public defender.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Ruth Zouski* of the *Waushara County Corporation Counsel*.

On behalf of Katherine N. and Sarah N., the cause was submitted on the brief of guardian ad litem, *Robyn J. Blader* of *Blader Law Office* of Wautoma.

Before Dykman, P.J., Vergeront and Roggensack, JJ.

¶ 1. DYKMAN, P.J. This appeal arises out of Waushara County's January 7, 2000 petitions to terminate Lisa K.'s parental rights to her daughters, Sarah N. and Katherine N. We granted Lisa K.'s petition for leave to appeal an interlocutory order of the Circuit Court for Waushara County. The interlocutory order determined that a CHIPS order dated July 19, 1999, which extended for a second time a CHIPS order of August 11, 1997, was proper in form and content.

¶ 2.    The July 19, 1999 extension order did not contain a notice provided for in WIS. STAT. § 48.356 (1997–98),[1] which provides:

> (1)    Whenever the court orders a child to be placed outside his or her home, orders an expectant mother of an unborn child to be placed outside of her home or denies a parent visitation because the child or unborn child has been adjudged to be in need of protection or services under s. 48.345, 48.347 48.357, 48.363 or 48.365, the court shall orally inform the parent or parents who appear in court or the expectant mother who appears in court of any grounds for termination of parental rights under s. 48.415 which may be applicable and of the conditions necessary for the child or expectant mother to be returned to the home or for the parent to be granted visitation.
>
> (2)    In addition to the notice required under sub. (1), any written order which places a child or an expectant mother outside the home or denies visitation under sub. (1) shall notify the parent or parents or expectant mother of the information specified under sub. (1).

The order provided: "All provisions of the dispositional order not changed by this order remain in full force and effect."[2] Lisa K. concedes that previous dispositional orders described the potential grounds for termination of her parental rights and the conditions necessary for the child to be returned to Lisa K., and therefore con-

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

[2] The parties dispute whether this sentence incorporated by reference the previous notices given to Lisa K. and thus fulfilled the requirements of WIS. STAT. § 48.356(2). We need not reach this question because we conclude that *Steven H.* controls our decision.

formed to the requirements of § 48.356. She claims, however, that incorporating previous orders by reference is inadequate, and that the information required by that statute must be found within any order which is later used as a basis to terminate parental rights.[3]

¶ 3.  We conclude that, although it is preferable that the notices required by WIS. STAT. § 48.356 be contained in CHIPS orders, not including the conditions necessary for the return of Lisa K.'s children in one CHIPS order did not require the dismissal of this action. Accordingly, we affirm the trial court's order to that effect.

¶ 4.  Both Lisa K. and Waushara County rely upon *Waukesha County v. Steven H.*, 2000 WI 28, 233 Wis. 2d 344, 607 N.W.2d 607. Though the facts in *Steven H.* are not Lisa K.'s facts, we conclude that *Steven H.* provides the guidance which is dispositive here. In *Steven H.*, the last order placing Brittany Ann H. outside the home contained the requisite notices, though previous orders did not. *Id.* at ¶¶ 7–8. The *Steven H.* court concluded that this was sufficient compliance with WIS. STAT. § 48.356. *Id.* at ¶ 37. In so concluding, the court distinguished *D.F.R. v. Juneau County Department of Social Services*, 147 Wis. 2d 486, 433 N.W.2d 609 (Ct. App. 1988), in which none of the orders placing the child outside the home contained the requisite notice. *See Steven H.*, 2000 WI 28 at ¶ 26. The court also distinguished *Marinette County v. Tammy C.*, 219 Wis. 2d 206, 579 N.W.2d 635 (1998), in which all orders placing the child outside the home contained

---

[3] Because we conclude that the order of which Lisa K. complains need not contain the conditions necessary for the return of Lisa K.'s children, we do not consider whether incorporating previous orders by reference is adequate to inform and warn Lisa K.

the requisite notice, but some temporary physical orders did not. *See Steven H.*, 2000 WI 28 at ¶ 27. The *Steven H.* court considered Lisa K.'s facts when it said: "Had Steven H. received an order without the statutorily prescribed written notice after receiving the order with the proper notice, he might be able to complain that he was confused by the lack of notice and that it was unfair to allow the termination proceedings to continue." *Id.* at ¶ 35.

¶ 5.  Lisa K. does not complain of confusion. She relies upon the following excerpt from *Steven H.*, to support her conclusion that the last CHIPS order must contain the WIS. STAT. § 48.356 notice, and that the order must have been in effect for six months before a termination of parental rights petition may be filed:

> Under § 48.415(2) the parents will be given adequate notice of the conditions for return and time to make any necessary changes to forestall the termination of parental rights if the last order issued at least six months before the filing of the petition involuntarily terminating parental rights contains the written notice.

*Steven H.*, 2000 WI 28 at ¶ 31.

¶ 6.  Lisa K. has taken this passage out of context. Much of the court's discussion in *Steven H.* centers on the conflict between WIS. STAT. §§ 48.356(2) and 48.415(2)(a)3. The latter statute provides:

> (2)  CONTINUING NEED OF PROTECTION OR SERVICES. Continuing need of protection or services, which shall be established by proving any of the following:
> (a)  . . . .
> . . . .

834

3. That the child has been outside the home for a cumulative total period of 6 months or longer pursuant to such orders not including time spent outside the home as an unborn child; and that the parent has failed to meet the conditions established for the safe return of the child to the home and there is a substantial likelihood that the parent will not meet these conditions within the 12-month period following the fact-finding hearing under s. 48.424.

In reconciling §§ 48.356(2) and 48.415(2), the court noted: "Reading §§ 48.356(2) and 48.415(2) together, and in light of the legislative purpose expressed in § 48.01(1)(a) by the 1995 revisions in the Children's Code, we conclude that these statutes do not require the statutorily prescribed written notice to be in *every order* placing a child outside the home." *Steven H.*, 2000 WI 28 at ¶ 29 (footnote omitted).

¶ 7. Thus, because every order placing a child outside the home in a CHIPS proceeding need not contain a WIS. STAT. § 48.356 notice, the question becomes whether the July 19, 1999 order in Lisa K.'s case must contain that notice.

¶ 8. The *Steven H.* court balanced the interests expressed in both WIS. STAT. §§ 48.356(2) and 48.415(2). It then considered the statement of legislative purpose in the Children's Code, which requires that the Children's Code be construed liberally to protect children and preserve the unity of the family.[4] *See Steven H.*, 2000 WI 28 at ¶ 32. The court also considered a legislative policy in favor of the best interests of the child, which can include being removed from his or her par-

---

[4] *See* 1995 Wis. Act 275, § lm, amending WIS. STAT. § 48.01(1) and 1995 Wis. Act 275, § 8m, renumbering and amending § 48.01(1)(a).

ents.[5] *See id.* The court concluded that notice and adequate information were the dispositive factors in CHIPS notices which are followed by termination of parental rights proceedings. The court said:

> The notice required by Wis. Stat. §§ 48.356(2) and 48.415(2) is meant to ensure that a parent has adequate notice of the conditions with which the parent must comply for a child to be returned to the home. The notice is also meant to forewarn parents that their parental rights are in jeopardy. In this case Steven H. received notice one year before the filing of the petition to terminate parental rights and was thus adequately informed of the steps he had to take to avoid termination of parental rights and was given time in which to take those steps.

*Id.* at ¶ 37.

¶ 9.   We conclude that the same is true here. The original order, dated August 11, 1997, finding Lisa K.'s children to be in need of protection or services contains eight requirements. The March 26, 1998 order revising the August 11 order contains similar requirements, the conditions necessary for the return of Lisa K.'s children and a warning of the grounds for termination of parental rights. The August 4, 1998 order which extended the August 11 order contains the same requirements, the changes needed for the children to return home and a notice concerning the grounds to terminate parental rights. The March 30, 1999 order revising the August 11, 1997 order contains similar requirements, the conditions necessary for the return of Lisa K.'s children and a notice concerning grounds to terminate parental rights. The final order dated July 19, 1999, which extended the dispositional order contains the notice

---

[5] *See* 1995 Wis. Act 275, § 2, creating WIS. STAT. § 48.01(1)(ag).

concerning grounds to terminate parental rights, but does not contain the conditions necessary for the return of Lisa K.'s children.

¶ 10.   From August 11, 1997, to July 19, 1999, the trial court held five hearings concerning Lisa K.'s children. Between those dates, Lisa K. received on four occasions requirements that she was to meet, on three occasions she received the conditions necessary for the return of her children to her, and on four occasions a notice or warning of the grounds for the termination of her parental rights. Considering *Steven H.*'s dual focus on adequate notice of the conditions with which a parent must comply and the warning that parental rights are in jeopardy, we conclude that Lisa K. had more than adequate notice of what was expected of her for the return of her children to her, and was more than adequately forewarned that her parental rights were in jeopardy. Thus, it is not relevant in this case that the final order of July 19, 1999, did not contain a description of those conditions she must meet to regain custody of her children.[6]

¶ 11.   Lisa K. also asserts that WIS. STAT. §§ 48.356(2) and 48.415(2), and *Steven H.* require that the last CHIPS order be issued at least six months before a petition to terminate parental rights can be filed. We disagree. Section 48.356(2) makes no mention of a six-month period. Section 48.415 provides only that

---

[6] As we will conclude later in this opinion, Waushara County was not required to wait six months from the date of the last order to begin termination proceedings. Since the time to commence a termination proceeding is not tied to the date of any particular order, it makes little sense to require that an extension order filed just prior to a termination petition have within it conditions for the return of the children. By that time, a county has concluded that returning the children is unrealistic.

one ground for termination of parental rights is that a child has been outside the home for a cumulative total period of six months pursuant to a CHIPS order. Neither statute contains any requirement that the six months exist from the time of the "last" CHIPS order.

¶ 12.  *Steven H.* contains the following language:

> The language of Wis. Stat. § 48.415(2), in contrast to that of § 48.356(2), thus does not encompass the concept that any and all orders under the listed statutes must contain the statutory written notice in order for the termination proceedings to be valid. Under § 48.415(2) the parents will be given adequate notice of the conditions for return and time to make any necessary changes to forestall the termination of parental rights if the last order issued at least six months before the filing of the petition involuntarily terminating parental rights contains the written notice.

*Steven H.*, 2000 WI 28 at ¶ 31.

¶ 13.  We do not read this excerpt from *Steven H.* as does Lisa K. First, her interpretation is unsupported by the statutes cited by the *Steven H.* court. We would have to assume that the supreme court added a non-statutory requirement with no analysis of why it was doing so. We will not do so. Secondly, read in context, the language upon which Lisa K. relies speaks to one situation which the *Steven H.* court concluded gives adequate notice of the conditions for return of a child adjudicated CHIPS. Other situations, such as Lisa K.'s, must be analyzed specifically, as we have done earlier in this opinion.

■

¶ 14.  We conclude that the notices and conditions the court gave to Lisa K. were adequate to give her an opportunity to obtain the return of her children, and

that it was not necessary for the final order to repeat conditions required for the return of her children three times in the previous two years. Nor was the County required to wait six months after the final order to file a termination of parental rights petition. Accordingly, we affirm the trial court's interlocutory order which reached the same conclusion.

*By the Court.*—Order affirmed.